UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLOS-LATWIAN: HARRIS,

                      Plaintiff,                CASE NO. 08-10619

v.

WASHTENAW COUNTY, BRIAN L. MACKIE,     PAUL D. BORMAN
LOREN BROWN, AMY ELLINGER,                UNITED STATE DISTRICT JUDGE
CAMILLE T. HORN, and JOHN B. COLLINS,

                      Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S PRO SE COMPLAINT

Plaintiff Karlos-Latwian Harris is a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On February 12, 2008, Plaintiff filed a motion for waiver of fees and a *pro se* civil complaint. On February 27, 2008, United States Magistrate Judge R. Steven Whalen ordered Plaintiff to pay the filing fee for this action or to submit (1) an application to proceed without prepayment of the fees and costs for this action and (2) a certified statement of his trust fund account at the prison. Magistrate Judge Whalen warned Plaintiff that failure to comply with his order within thirty days could result in the dismissal of the complaint for want of prosecution.

To date, Plaintiff has not filed an application to proceed without prepayment of fees and costs on a form approved by the judges in this district. Nor has he submitted a certified statement of his trust fund account for the previous six months.

Although Plaintiff did file a motion for waiver of fees, he appears to believe that he is exempt from paying the filing fee. All prisoners must pay the full filing fee for their civil

actions. 28 U.S.C. § 1915(b)(1); *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). "Pauper status for inmates, as we previously knew it, no longer exists." *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6the Cir. 1997). If a prisoner wishes to proceed without prepayment of the filing fee, he must file a certified trust fund account statement and an affidavit of indigence. 28 U.S.C. § 1915(a)(1) and (2). The district court can then assess an initial partial filing fee with the understanding that the prisoner will pay the full fee through future periodic deductions from his or her prison account. *In re Alea*, 286 F.3d at 380. "Prisoners are no longer entitled to a waiver of fees and costs." *McGore*, 114 F.3d at 604 (citing *In re Tyler,* 110 F.3d 528, 529-30 (8th Cir. 1997)). "[T]he only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Id*.

Plaintiff has neither prepaid the filing fee, nor submitted the documents needed to assess an initial partial filing fee. Accordingly, his Motion for Waiver of Fees [Doc. 2, Feb. 12, 2008] is **DENIED** and his complaint is **DISMISSED** without prejudice for failure to prosecute and for failure to comply with Magistrate Judge Whalen's order. Fed. R. Civ. P. 41(b); Local Rule 41.2 (E.D. Mich. Mar. 2, 1998).

                                                  s/Paul D. Borman  
                                                  PAUL D. BORMAN  
                                                  UNITED STATES DISTRICT JUDGE

Dated: May 19, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 19, 2008.

                                                  s/Denise Goodine
                                                  Case Manager